# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

UNITED STATES OF AMERICA,

          -v-                                                      14-CR-175-A

PHILIP ZODHATES,
                                Defendant.

───────────────────────────────────────

## GOVERNMENT'S MEMORANDUM OPPOSING ADMISSISON OF CHARACTER EVIDENCE OF CHARITY AND INTEGRITY

### *PRELIMINARY STATEMENT*

      The defendant is charged under a 2 Count Indictment Count 1 charges the defendant with conspiracy to remove and to retain Isabella from the United States with the intent to obstruct the lawful exercise of parental rights. Count 2 charges the defendant with the substantive offense of removing and aiding and abetting the removal of Isabella from the United States.

      The following constitutes the government's response in opposition to the defendant's admission of character evidence regarding charity and integrity and in support of the government's cross notice of motion precluding the defendant from introducing certain evidence at trial.

## THE DISTRICT COURT HAS BROAD DISCRETION IN ADMITTING TRIAL EVIDENCE

*The Law*

It is well established in this Circuit that the trial judge retains broad discretion in admitting and precluding evidence including character evidence.  See, United States v. Damblu, 134 F.3d 490, 494 (2d Cir. 1998).

Fed.R.Evid. 401 provides the test to determine if evidence is relevant.  401 provides "Evidence is relevant if:

    (a)    it has a tendency to make a fact more or less probable than it would be without the evidence; and

    (b)    the fact is of consequence in determining the action.

However, Fed.R.Evid. 403 allows the Court to exclude relevant evidence if its probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence".

Fed.R.Evid 404(a)(2)(A) allows a defendant to offer evidence of a personal opinion or his reputation for a pertinent character trait with limitation.  Fed.R.Evid. 405 addresses methods of proving character.  405(b) permits the introduction on direct examination of evidence regarding specific acts when character is an essential element of a claim, charge or defense.  In United States v. Doyle, 130 F.3d 523, 542 (2d Cir. 1997), the Second Circuit found that proof of the defendant's specific acts were not admissible.  In reaching this

2

conclusion the court reasoned that district courts have discretion in to exclude evidence of specific acts intended to demonstrate character traits not at issue.  See also, <u>United States v. Nachamie</u> 28 Fed.Appx 13 (2d Cir. 2001) [District Court properly excluded character witness testimony in a health care fraud trial regarding defendant's good deeds and charitable work as it was not an essential element of the charged offense]; <u>United States v. Paccione</u>, 949 F.2d 1183 (2d Cir. 1991) [District Court properly excluded evidence that defendant's son was born with cerebral palsy].

*Discussion:*

The court should reject the defendant's argument that the evidence of charity and integrity is being offered to show he is a generous person without regard to religion or sexual orientation and provided the assistance only to someone who needed help (Dkt 104 pg. 2).  Such an argument distorts Rule 405 beyond recognition.  Character is in issue when character or a character trait is an operative fact which under the law, determines the legal rights of the parties.  Here the defendant attempts to offer general character traits are not to refute his intent to interfere with parental rights, but rather to explain his motive in doing so.

The government does concede that law abidingness could be considered a character trait relating to charge, claim or defense.  As for the defendant's character trait for honesty, unless the defendant testifies, the Court should preclude testimony on this character trait as well.

Since the defendant's witness list does not identify the specific character trait each witness will testify about, the Court should consider having the defendant better describe the testimony of each witness in order to determine if their testimony is admissible.

Finally, the Court should also limit the number of character witnesses the defense can call under Fed.R.Evid. 403, as 14 witnesses saying the same thing is a needless presentation of cumulative evidence that will result in undue delay, wasting of time and mislead the jury.

## CONCLUSION

Based upon the above, it is respectfully requested that the Court grant the relief set forth in the attached notice of motion.

DATED:   Buffalo, New York, September 19, 2016.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:   /s/ MICHAEL DIGIACOMO
MICHAEL DIGIACOMO
Assistant United States Attorney
PAUL J. VAN DE GRAAF
Special Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
paul.van.de.graaf@usdoj.gov
Michael.DiGiacomo@usdoj.gov