UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.  14-CR-175-RJA
**ORDER**

PHILIP ZODHIATES,

Defendant.
_____

Defendant Philip Zodhiates has filed a *pro se* motion for a reduction of a sentence of 36 months incarceration imposed upon his convictions for conspiracy in violation of 18 U.S.C. § 371 and international parental kidnapping in violation of 18 U.S.C. §§ 1204 and 2. A jury found that defendant Zodhiates conspired with a parent, Lisa Miller, to remove Miller's 7-year old daughter from the United States to Nicaragua in order to obstruct the lawful exercise of parental rights by Miller's civil union partner, Janet Jenkins.

Defendant Zodhiates seeks a modification of his March 22, 2017 sentence of incarceration to home detention primarily for humanitarian reasons. However, he also stresses his disagreement with his former counsels' conduct of his trial. The Court must interpret the defendant's *pro se* filings liberally to raise the strongest arguments that they suggest. *See e.g.*, *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

For the reasons that are stated below, the motion of defendant Zodhiates is denied in part, and is otherwise held in abeyance pending the defendant's election whether to withdraw without prejudice that portion of the motion that is based upon his disagreement with his trial counsel or to re-file the motion as a habeas corpus petition under 28 U.S.C. § 2255. This procedure is necessary because, if the portion of the

motion based upon the defendant's apparent disagreement with his trial counsel is construed as a habeas corpus petition to vacate his convictions or to correct his sentence now, the defendant could later be barred from further pursuing relief from his convictions and sentence by the prohibitions against second and successive habeas corpus petitions in 28 U.S.C. § 2244(b).  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998).

## DISCUSSION

Defendant Zodhiates' *pro se* motion for a modification of his sentence of imprisonment is brought pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The primary grounds for the motion are the defendant's pleas for compassion based upon his wife's and his own poor health.  Section 3582(c)(1)(A)(i) authorizes a court to grant such a sentence modification "upon motion of the Director of the Bureau of Prisons," if the court finds, after considering the purposes of sentencing in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons warrant such a reduction."  The Bureau of Prisons uses § 3582(c)(1)(A) in "extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  28 C.F.R. § 571.60.  Here, however, the Director of Bureau of Prisons has not made a motion for the defendant's release.  Because the motion of the Director is a prerequisite to the Court considering whether to grant the relief that the defendant seeks, *see e.g.*, *Stewart v. United States*, Nos. 13 Civ. 5279, 02 Cr. 0395, 2013 WL 4044756, at *5 (S.D.N.Y. Aug. 9, 2013) (collecting cases), the defendant's motion for a modification of his sentence based upon humanitarian grounds is denied.

Alternatively, § 3582(c)(2) authorizes a Court to grant a sentence modification in the case of a defendant who was sentenced based on an advisory sentencing range that was subsequently lowered by the Sentencing Commission. But defendant Zodhiates' sentence was not based on a sentencing range that was subsequently lowered by a sentencing guidelines amendment so as to make the defendant eligible for a sentence modification under this provision. Similarly, no provision in First Step Act reduced the sentencing range that was applicable when the defendant was sentenced.

Finally, the Court may modify a sentence pursuant to § 3582 when such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or other statute. Suffice it to say the defendant is not eligible for Rule 35 relief, and the Court is aware of no other statute permitting it to grant the extraordinary special treatment that defendant Zodhiates is seeking.

## CONCLUSION

For the reasons stated above, the Court partially denies as set forth above defendant Philip Zodhiates' motion for a sentencing modification. Dkt. No. 206. The Court has not addressed --- and the United States has not responded to --- the defendant's suggestion of his disagreement with his trial counsel. The defendant is hereby notified that if the Court characterizes this ground for his request for a sentence reduction as a habeas corpus petition, the defendant could later be barred by restrictions on second and successive habeas corpus petitions from raising other grounds for habeas relief. Accordingly, it is

**ORDERED,** that, no later than July 2, 2019, defendant Zodhiates shall file a notice whether he wishes either to withdraw the remaining portion of his motion for a

sentence reduction without prejudice or ask that the Court treat it as a habeas corpus petition; and it is

**ORDERED,** that if defendant Zodhiates wishes the Court to address the remaining portion of his motion for a sentence reduction as a petition for habeas corpus relief, he shall re-file it, no later than July 2, 2019, labeled as an Amended Petition, and with any amendment that he believes warranted, as a civil matter in the manner in which a proceeding under 28 U.S.C. § 2255 is to be commenced; and it is further

**ORDERED,** that no response by the United States to the motion for a sentence reduction, Dkt. No. 206, is required at this time; and it is finally

**ORDERED,** if defendant Zodhiates fails timely to comply with the Court's directives in this Order, or fails to show cause as to why he cannot comply within the time allowed, he may be denied further relief without consideration of any potential merit of his arguments and without any further proceedings.

**IT IS SO ORDERED.**

Dated: May 22, 2019    *s/Richard J. Arcara*
      Buffalo, New York    HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT JUDGE