UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHILIP ZODHIATES,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

**ORDER**
19-CV-803-A
14-CR-175-A

---

The petitioner, Philip Zodhiates, who is appearing *pro se,* has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence of imprisonment for international parental kidnapping. Dkt. No. 209. More specifically, petitioner Zodhiates asserts that his convictions for conspiring with and aiding and abetting a parent in removing a child from the United States in violation of 18 U.S.C. § 371 and of 18 U.S.C. §§ 1204(a) and 2 were the result of constitutionally-ineffective trial counsel.

*Pro se* motions pursuant to 28 U.S.C. § 2255 are generally given a liberal reading "to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). Petitioner Zodhiates asserts in various filings that his trial counsel:

    (1) failed to advise him of a justification affirmative defense to the international parental kidnapping offense at 18 U.S.C. § 1204(c)(2) based upon flight from domestic violence;

    (2) failed to investigate the § 1204(c)(2) defense and to

> obtain admissible evidence that would have tended to prove the defense;
>
> (3) failed to communicate accurately to petitioner trial risks of conceding a knowing role in the kidnapping by asserting the § 1204(c)(2) defense; and
>
> (4) failed to follow the petitioner's instruction to introduce evidence legally-sufficient to assert the § 1204(c)(2) defense.

See Dkt. Nos. 209, 216-18. These assertions put in issue attorney-client communications that are relevant to the assertions and waive petitioner's privilege of confidentiality with respect to the attorney-client communications that are relevant to his assertions. See e.g., Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). Accordingly, to permit the Court to rule on the petitioner's motion, including preliminarily whether an evidentiary hearing is necessary, petitioner's trial counsel are hereby directed to respond to the petitioner's assertions that trial counsel were constitutionally ineffective in petitioner's filings at Docket Nos. 209 and 216-18.

As part of trial counsels' responses to petitioner Zodhiates' assertions of constitutional ineffectiveness, the Court finds it necessary that trial counsel specifically address:

> (a) whether the petitioner agreed with counsel that counsel should attempt to introduce evidence of petitioner's character trait of generosity, along with as many specific acts of generosity as the Court would allow, despite the Court's pretrial ruling on September 21, 2016, see Court Exhibit 2, that evidence of specific acts of generosity were inadmissible under Fed. R. Evid. 405(b), although a limited number of such acts were potentially admissible as so-called reverse Rule 404(b) evidence;

(b) whether the petitioner appeared to trial counsel to understand that a primary purpose of introducing evidence of his generosity and generous acts was to attempt to engender doubt that petitioner acted with specific intent to obstruct the parental rights of Janet Jenkins which arose by court order;

(c) whether the petitioner appeared to counsel to have concluded that attempting to introduce as much evidence as possible that could engender doubt that he acted with specific intent to obstruct the parental rights of Janet Jenkins which arose by court order was a better trial strategy than attempting to introduce evidence to prove a legal justification for the kidnapping;

(d) whether admissible evidence, other than petitioner's testimony, existed during the trial that tended to show that petitioner believed Lisa Miller was fleeing an incidence or pattern of domestic violence when petitioner conspired to and aided in removing Miller's 7-year old daughter from the United States;

(e) whether trial counsel refused to allow petitioner to testify during the trial to the effect that petitioner believed that Lisa Miller was fleeing an incidence or pattern of domestic violence when petitioner conspired to and aided in removing Miller's 7-year old daughter from the United States; and

(f) whether counsel felt or would have felt ethically bound to either withdraw as counsel or to bring potential perjury to the attention of the Court if petitioner had insisted on testifying to the effect that petitioner believed that Lisa Miller was fleeing an incidence or pattern of domestic violence when petitioner conspired to and aided in removing Miller's 7-year old daughter from the United States.

Petitioner Zodhiates' waivers of his attorney-client privilege do not waive trial counsels' obligations to otherwise keep his confidences secret. *See e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016). Trial counsels' submissions shall therefore be delivered to Chambers for filing under

seal, and the submissions shall remain under seal until further order of the Court.

Counsel for the United States shall immediately serve a copy of this Order upon petitioner's trial counsel by First Class United States mail and shall docket proof of mailing.  Copies of the submissions of trial counsel shall be served upon counsel for the United States and petitioner by First Class United States mail as sealed documents.

Trial counsels' submissions shall be due January 10, 2020.  Petitioner shall respond to his trial counsels' submissions on or before January 31, 2020.  The United States shall supplement its response to the petitioner's § 2255 motion in light of trial counsels' and the petitioner's submissions on or before February 20, 2020.

**SO ORDERED.**

                                     __*s/Richard J. Arcara*_____
                                     HONORABLE RICHARD J. ARCARA
                                     UNITED STATES DISTRICT COURT

Dated:  December 10, 2019