UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHILIP ZODHIATES,

                       Petitioner,                         **ORDER**

       v.                                                        19-CV-803-A
                                                                       14-CR-175-A

UNITED STATES OF AMERICA,

                       Respondent.

---

Petitioner Philip Zodhiates has filed a *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence of imprisonment for conspiracy and for international parental kidnaping in violation of 18 U.S.C. §§ 371, 1204 and 2. Dkt. No. 209. Petitioner Zodhiates contends that his convictions must be vacated on the ground that his trial counsel violated his Sixth Amendment right to counsel by giving him only ineffective assistance of counsel under the standard in *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court assumes the parties' and petitioner Zodhiates' trial counsels' familiarity with the prior proceedings. In response to a December 10, 2019 Order of the Court, Dkt. No. 219, the petitioner has added more detailed allegations in support of his § 2255 motion that require responses. Dkt. No. 225. The primary questions now before the Court under the two-prong standard in *Strickland* are:

    (1) whether petitioner Zodhiates establishes that he received objectively unreasonable advice from his trial counsel

        (a) not to testify at trial on his own behalf and

> (b) not to seek to introduce evidence that petitioner acted in the belief that the parent, Lisa Miller, and Miller's 7-year old daughter, were being abused by Miller's civil union partner, Janet Jenkins, and to pursue instead the strategy of trying to raise reasonable doubt about petitioner's specific intent to violate Jenkins' parental rights by introducing evidence that he acted out of generosity, *Strickland*, 466 U.S. at 690; and,

(2) if trial counsels' advice to petitioner not to testify, or the advice to forego the strategy of trying to show that petitioner acted in the belief that Lisa Miller and Miller's daughter were being abused in favor of the strategy of showing petitioner acted out of generosity, was objectively unreasonable, whether there is a "reasonable probability" that "but for counsel[s'] unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The Court has previously ruled that petitioner Zodhiates' has put in issue attorney-client communications that are relevant to his allegations of ineffective assistance of counsel and that he has therefore waived his privilege of confidentiality with respect to attorney-client communications that are relevant to the allegations. Dkt. No. 219, p. 2 (citing *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998)). The petitioner's recent allegations more directly impugn his trial counsels' advice not to attempt to introduce evidence that petitioner believed Lisa Miller was fleeing abuse to attempt to raise reasonable doubt about his specific intent to violate Janet Jenkins' parental rights, in addition to complaining that he was not advised of the domestic violence affirmative defense at 18 U.S.C. § 1204(c)(2) and complaining that he would have testified in his own defense if he had been adequately advised. To address these and other additional allegations, the Court finds it necessary that trial counsel more fully elaborate on their prior submission to

the Court, and that trial counsel respond directly to some of the petitioner's recent allegations. Accordingly, in addition to the responses trial counsel concludes are reasonably necessary to explain their advice to petitioner in order to defend themselves against his claims that they were constitutionally ineffective, the Court finds it necessary that trial counsel:

(1) Provide to the Court a copy of trial counsels' February 5, 2016 correspondence to petitioner Zodhiates. Trial counsel shall redact contents of this correspondence that are (a) not related to whether the petitioner should have testified and (b) that are not related to the abuse strategy, the generosity strategy, or to the petitioner's specific intent to violate the parental rights of Janet Jenkins which arose by court order. However, if the entire contents of the correspondence were relevant to trial counsel's advice to the petitioner not to testify at trial, then nothing should be redacted.

(2) Explain trial counsels' conclusion at the time of trial that "raising the [18 U.S.C. §1204(c)(2) domestic violence] affirmative defense would be tantamount to a confession that [the petitioner] acted with intent to obstruct Ms. Jenkins's parental rights," Dkt. No. 222, p.8 n.6. Explain further what trial counsel concluded was the balance of disadvantages and advantages of the petitioner admitting the constituent acts of the charged offenses while attempting to prove the §1204(c)(2) domestic violence affirmative defense.

(3) Explain in detail trial counsels' distinction at the time of trial between what counsel describes as petitioner "Zodhiates' belief that Lisa Miller had accurately determined that Janet Jenkins either had, or because of mental health issues or lifestyle, would subject Isabella to what he considered to be abuse" (Dkt. No. 222, p. 7), and a good faith belief that Lisa Miller was "fleeing an incidence or pattern of domestic violence" as those terms are used in the § 1204(c)(2) domestic violence affirmative defense.

In connection with the explanation required by the preceding paragraphs (2) and (3), trial counsel is ordered to respond to the specific and more detailed assertions of the petitioner related to their constitutional ineffectiveness:

3

(a) that the petitioner "simply believed that [Lisa Miller] and her daughter were being mentally, emotionally and sexually abused." Dkt. No. 225, p. 9.

(b) that "[t]here was never any doubt to any one in direct contact with petitioner that he believed what the mother of the child told him regarding the relationship's abuse and the abuse done to the child by Janet Jenkins." *Id.*

(c) that the petitioner was not motivated to assist Lisa Miller by disapproval of Janet Jenkins' lifestyle. *Id.*

(d) whether potential witnesses identified by name or referred to in petitioner's response, *see* Dkt. No. 225, pp. 5, 9-11, had admissible evidence available at the time of trial tending to show that Lisa Miller was fleeing an incidence or pattern of domestic violence, as those terms are used in 18 U.S.C. § 1204(c)(2).

(e) whether potential witnesses identified by name or referred to in petitioner's response, *see* Dkt. No. 225, pp. 5, 9-11, or any other persons, had admissible evidence available at the time of trial tending to show petitioner acted with a good faith belief that Lisa Miller was fleeing an incidence or pattern of domestic violence, as those terms are used in 18 U.S.C. § 1204(c)(2).

(f) that trial counsels' mock presentations in advance of the trial, *see* Dkt. No. 222, p. 8; Dkt. No. 225, p. 10, had nothing to do with an affirmative defense that Lisa Miller was fleeing an incidence or pattern of domestic violence as those terms are used in 18 U.S.C. § 1204(c)(2).

(g) that these mock presentations had nothing to do with petitioner's belief that Lisa Miller was fleeing an incidence or pattern of domestic violence as those terms are used in 18 U.S.C. § 1204(c)(2). *Id.*

The Court also specifically finds it necessary that trial counsel more fully:

(4) Explain trial counsels' conclusion that, if petitioner Zodhiates sought to introduce evidence tending to show that petitioner believed in good

faith that Lisa Miller was fleeing "abuse," as petitioner seemed to trial counsel to have believed, *see* Dkt. No. 222, p. 7 (". . . what he considered to be abuse"), petitioner might have implicated other persons in crimes or in acts potentially detrimental to petitioner's case. *See* Dkt. No. 225, p. 7*; and United States v. Bilzerian*, 926 F.2d 1285, 1302-03 ((Lumbard, J., concurring) defendant's trial testimony of good faith would have waived attorney-client privilege as to the basis for that claim).

(5) Explain trial counsels' conclusion that petitioner Zodhiates' testimony during the trial would have subjected petitioner to cross examination by the United States that would potentially have been detrimental because the cross examination could have bolstered the United States' case or harmed petitioner's case. List the topics of cross examination that trial counsel concluded were potentially detrimental to the petitioner and describe how they were potentially detrimental. In light of these explanations, explain further what trial counsel concluded was the balance of disadvantages and advantages of the defendant testifying in his own defense.

(6) When petitioner Zodhiates conveyed to trial counsel his decision not to testify in his own defense, *see* Dkt. No. 222, p. 6, summarize what trial counsel understood to be the reasons for petitioner's decision not to testify and explain why trial counsel understood those to be petitioner's reasons not to testify.

(7) When petitioner Zodhiates conveyed to trial counsel his decision to forgo the "abuse" strategy, and his agreement that his best possible strategy was to show that his actions were generous, and not taken with specific intent to obstruct the parental rights of Janet Jenkins which arose by court order, *see* Dkt. No. 222, pp. 5-6, summarize what trial counsel understood to be the reasons for petitioner's decision to forgo the "abuse" strategy and to adopt the generosity strategy, and explain why trial counsel understood those to be petitioner's reasons.

As the Court has noted previously, petitioner Zodhiates' waivers of his attorney-client privilege do not waive trial counsels' obligations to otherwise keep his confidences secret. *See e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016). Trial counsels' submission in response to

5

this Order shall therefore be delivered to Chambers for filing under seal. Trial counsel shall serve their submission in response to this Order upon petitioner and the United States as sealed documents.

## CONCLUSION

The Court has determined that petitioner Zodhiates' trial counsels' disclosures as required by this Order are authorized by Rule 1.6(b)(5)(i) and (b)(6) of the New York Rules of Professional Conduct, 22 NY.C.R.R. §1200.00. Trial counsels' submission shall be due March 4, 2020. The submission need not follow the format of this Order.

The United States shall amend its prior response to petitioner Zodhiates' motion under 28 U.S.C. § 2255 to reflect the additional information in the record since its earlier response (Dkt. No. 212) on or before March 27, 2020. The United States' submission amending its prior response shall be served as a sealed filing and delivered to Chambers for filing under seal. The sealed submissions shall all remain under seal until further order of the Court.

Petitioner Zodhiates shall respond to his trial counsels' submission in response to this Order and to the United States' amended response to his § 2255 motion on or before April 17, 2020.

**SO ORDERED.**

       *s/Richard J.Arcara*
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated: February 19, 2020